**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD POSKO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　　　　　Defendant. | Civil No. 10-209(NLH)<br><br><br><br>**OPINION** |

**APPEARANCES:**

G. Wesley D. Quinton
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801

Jeannine LaPlace
Law Offices of Harry J. Binder & Charles E. Binder, PC
60 East 42nd Street, Suite 520
New York, NY 10165

　　*On behalf of Plaintiff*

David Weiss, United States Attorney
Patricia A. Stewart, Special Assistant United
States Attorney
Office of the General Counsel
Social Security Administration
P.O. Box 41777
Philadelphia, Pennsylvania 19101

Eric P. Kressman
Regional Chief Counsel, Region III
Donald K. Neely
Assistant Regional Counsel
Office of the General Counsel
Social Security Administration

　　*On behalf of defendant*

**HILLMAN**, District Judge[1]

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, July 1, 2006. For the reasons stated below, this Court will affirm that decision.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits, claiming that as of July 1, 2006 his degenerative joint disease and osteoarthritis in his back, neck and left knee have left him completely disabled and unable to work.[2] Prior to this time, Plaintiff worked for over thirty years in a prison, for the

---

[1] Designated for service in the District of Delaware pursuant to the provisions of 28 U.S.C. § 292(b) as ordered by the Honorable Anthony J. Scirica, then Chief Judge of the United States Court of Appeals for the Third Circuit.

[2] Plaintiff also has a history of COPD, hypertension, gout and cataracts, but does not challenge the ALJ's findings that these conditions, separately or in combination, are not severe under the regulations.

2

majority of the time as a full-time corrections officer, but for the last two years as a payroll clerk on a part-time basis due to his physical limitations.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled. Plaintiff appealed the decision, and the Appeals Council denied review rendering the ALJ's decision final. Plaintiff now seeks this Court's review.

**II. DISCUSSION**

    **A.    Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the

3

Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is

> supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

### B.   Standard for Disability Insurance Benefits

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous

period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing

>     other work which exists in the national economy. If he
>     is incapable, he will be found "disabled." If he is
>     capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

   **C.   Analysis**

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (Step One). The ALJ next found that Plaintiff's osteoarthritis, degenerative disc disease, degenerative joint disease, status post left knee arthroscopy, and cervical spondylosis and stenosis were severe (Step Two). The ALJ then

found that Plaintiff's impairments did not meet the medical equivalence criteria (Step Three).  At Step Four, the ALJ found that even though Plaintiff was not capable of performing his previous job as a corrections officer, he was capable of performing his previous job as a payroll clerk.  The ALJ also found that Plaintiff had the residual functional capacity (RFC) to perform other jobs which are in significant numbers in the national economy (Step Five).

Plaintiff presents three arguments for review: (1) the ALJ improperly found he was capable of performing his previous job as a payroll clerk because that job does not qualify as "substantial gainful activity"; (2) the ALJ erred in determining Plaintiff's residual functional capacity because he improperly rejected Plaintiff's treating doctors' opinions and improperly credited the non-treating physicians' opinions; and (3) the ALJ erred in his credibility assessment of Plaintiff's testimony, which Plaintiff argues is supported by the medical evidence.

The Court finds that even if Plaintiff's first argument is credited,[3] the ALJ did not err in his analysis of the medical

---

[3] Plaintiff contends that the two-and-a-half years he worked eight to ten hours a week in the prison office does not constitute "substantial gainful activity" ("SGA") because of its part-time basis, and because it was a special accommodation from his employer.  The Commissioner points out that part-time work can be considered SGA, and it is Plaintiff's burden to prove the "special conditions" exception to the SGA requirement, which the Commissioner argues Plaintiff has failed to do because the only support Plaintiff provides for his position is his own testimony.

evidence and Plaintiff's credibility in determining that Plaintiff has the residual functional capacity to perform sedentary work.

In making his decision, the ALJ detailed Plaintiff's medical evidence, which dates back to 1999. Plaintiff was seen by his treating physician, Dr. Kim, from that time until April 2007, when he moved from Maryland to Delaware and began seeing Dr. Robinson in January 2008. Once Plaintiff applied for disability benefits, he was then seen by Dr. Kheterpal in March 2007 for an agency consultative evaluation. The ALJ considered the records and reports from these doctors, as well as a September 30, 2008 "Medical Source Statement of Ability" by Dr. Kim and a March 2007 residual functional capacity medical record review by Dr. Najar.[4] (R. at 15-18, 20-22.) The ALJ also detailed Plaintiff's testimony at the hearing and considered his testimony in conjunction with the medical evidence. (R. at 19-22.)

The ALJ found that the medical evidence as to Plaintiff's impairments supported Plaintiff's symptoms such that he would be unable to perform his past work as a corrections officer, but he

---

The Court does not need to consider this issue, however, because even if the Court were to agree with Plaintiff, the ALJ's proper decision as to Step Five warrants affirming the ALJ's decision to deny Plaintiff's benefits application.

[4] The ALJ also detailed and considered medical evidence of other doctors relating to Plaintiff's other conditions. As noted previously, Plaintiff does not contend these conditions render him totally disabled.

9

determined that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with the ALJ's finding as to Plaintiff's RFC to perform sedentary work. (R. at 21.) To reach that conclusion, the ALJ noted the following:

- Even though Plaintiff claims that his pain is so severe that he can only sit in a straight back chair for an hour, stand for only 30 minutes, and walk only a few blocks, since the onset of his alleged disability, Plaintiff has never been prescribed or taken pain medication, or underwent any physical therapy or other treatments to control his pain.[5]

- Plaintiff testified that he helps prepare meals, stands at the counter "chopping stuff" for about 45 minutes, drives to the grocery store once or twice weekly, lifts 30 pounds, walks a couple of blocks with the cart while shopping, feeds the dog, and takes care of his personal grooming.

- Plaintiff had not received any medical treatment from April 2007, when he moved, until January 2008, when he began seeing Dr. Robinson, a general family

---

[5] The ALJ notes that the only record concerning pain management shows that Plaintiff was prescribed Ecotrin in November 2004, but Plaintiff discontinued that medication shortly thereafter. (R. at 20.)

    practitioner to whom he did not complain about his knee, back and neck pain.[6]

- Dr. Kheterpal, the state agency consultative physician, found in March 2007 that Plaintiff could lift 20 pounds occasionally, 10 pound frequently, stand or walk for 2 hours in an 8 hour day, sit for 6 hours with unlimited ability to push and pull, and occasionally climb a ramp or stairs, balance, stoop, crouch and crawl.
- Dr. Najar, the doctor who performed the record review in determining Plaintiff's RFC, found Plaintiff could lift 20 pounds occasionally and 10 pounds frequently.
- Dr. Kim, Plaintiff's treating physician who completed an "Ability to Work" form in September 2008, found that Plaintiff could lift up to 20 pounds occasionally, 10 pounds frequently, sit for one hour at a time, and stand and walk for 1 hour at a time.

Based on these considerations, the ALJ found that Plaintiff was able to perform sedentary work,[7] which "involves lifting no

---

[6] Plaintiff argues that he saw Dr. Robinson for his hypertension and hyperlipidemia, and therefore it makes sense that he would not complain about pain unrelated to those conditions. The ALJ, however, considered that Plaintiff's failure to be treated by any doctor since April 2007 for his knee, back and neck pain and limitations supports the finding that they were not completely disabling.

[7] At the hearing, the ALJ posed a hypothetical question to the Vocation Expert to determine if Plaintiff could perform work in the national economy. Based on someone of Plaintiff's age,

11

more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

Plaintiff argues that the ALJ erred in this determination because he did not give Dr. Kim's entire opinion as Plaintiff's treating source "controlling" weight, and because the ALJ afforded the state consultant's opinion "great" weight. In his decision, after listing the evidence that supported his finding, the ALJ explained the medical evidence that he did not credit. With regard to Dr. Kim, aside from Dr. Kim's findings noted above, the ALJ discounted Dr. Kim's other findings on his September 2008 report--such as Plaintiff's limitation to sitting only 30 minutes during an 8 hour work day--because it was not consistent with the medical record as a whole. The ALJ also only afforded Dr. Kim's report "some" weight because he prepared the

---

education, and work experience, and that person suffering from degenerative joint disease, back pain, and high blood pressure, with the physical capacity to lift 10 pounds frequently, and 20 pounds occasionally, who could sit and stand for one hour on an alternative basis, and who had some environmental limitations, the VE stated that this person could perform the duties of a payroll clerk as defined by the Dictionary of Occupational Titles, and that person had the transferrable skills to be a timekeeper. (R. at 44.)

12

report, which is a "check-the-box" form, seventeen months after last seeing Plaintiff.[8]

With regard to Dr. Kheterpal, the state agency consultant who examined Plaintiff on March 14, 2007, the ALJ found that his opinion was consistent with the record as a whole. In addition to noting Plaintiff's degenerative joint disease, hypertension, dysplipidemia, and gout, Dr. Kheterpal reported that Plaintiff stated that he could sit in a chair for several hours and climb stairs, squat with assistance and walk for 10 minutes. Dr. Kheterpal observed that Plaintiff walked without a limp, was able to sit in a chair and rise without assistance, sit on the examination table and turn himself fairly well. (R. at 16-17.) The ALJ found that Dr. Kheterpal's findings, which were based on a personal examination, supported Plaintiff's ability to perform sedentary work.

Contrary to Plaintiff's argument, treating physicians are not automatically entitled to controlling weight. Social Security regulations provide that a treating physician will be afforded controlling weight as to the nature and severity of a

---

[8] Plaintiff contends that the ALJ's assumption that Dr. Kim had not seen him since April 2007 is incorrect, because Plaintiff completed a form for the SSA in October 2008 that indicated he saw Dr. Kim on September 30, 2008. Plaintiff has not provided any medical records from that date, which is the date the Dr. Kim completed the "Ability to Work" form, and he has not provided any other medical records since April 2007 from Dr. Kim. In order to show that the ALJ erred on this point, Plaintiff must point to some evidence in the record to support his position.

claimant's impairment, but only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence of record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p.  Here, other than arguing that the ALJ erred in affording Dr. Kim's report "some" weight, Plaintiff has not pointed out medical evidence in the record that would support Dr. Kim's other findings, would be consistent with the other medical evidence and Plaintiff's testimony, or show that Plaintiff did not meet the requirements for sedentary work. Moreover, even if Dr. Kim's report did show that Plaintiff was not capable of sedentary work, his report was based on his treatment history with Plaintiff that ended in April 2007. Although Dr. Kim prepared the report on September 30, 2008, it was not based on any treating physician evaluation contemporaneous with that date.  It is Plaintiff's burden to show he was unable to work from at least July 1, 2006 through July 1, 2007, Kangas, 823 F.2d at 777; 42 U.S.C. § 1382c(a)(3)(A), and Dr. Kim's report does not fulfill that burden.

Correspondingly, the ALJ did not err in affording "great" weight to the state agency consultative physician's findings. "In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another."  Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) (citing Cotter

v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). When "a conflict in the evidence exists, the ALJ may choose whom to credit," but the ALJ "cannot reject evidence for no reason or for the wrong reason." Id. (citation omitted). The ALJ here properly supported his decision to credit more of Dr. Kheterpal's report than Dr. Kim's.

Finally, Plaintiff argues that the ALJ erred in his determination that Plaintiff retains the RFC to perform sedentary work because he improperly evaluated his credibility. The Social Security regulations provide that allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony. Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p.

Plaintiff does not point out what testimony of his contradicts the medical evidence, outlined above, which supports the finding that Plaintiff was capable of sedentary work. It is clear that the ALJ credited Plaintiff's testimony regarding his abilities, contrasted his testimony with the medical evidence, and agreed that Plaintiff could no longer perform his previous job as a corrections officer. Nonetheless, after considering plaintiff's testimony in combination with the medical evidence,

the ALJ found that Plaintiff was still capable of performing sedentary work.  See Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).  Although a person, such as Plaintiff, who has worked continuously in the same field for a substantial duration of time may be afforded enhanced credibility, see Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979), simply disagreeing with the ALJ's assessment of that credibility is not sufficient to establish that his decision was not supported by substantial evidence.  Perkins v. Barnhart, 79 Fed. Appx. 512, 515 (3d Cir. 2003).[9]

## III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled is supported by substantial evidence.  Accordingly, the decision of the ALJ is affirmed.  An accompanying Order will be issued.


Date: December 21, 2010                s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.

---

[9] The ALJ's findings were also in compliance with SSR 96-7p, which provides, "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms."